## APPLICATION OF THE RULE IN SHELLY'S CASE.

Circuit Court of Summit County.

CHARLES AKERS v. THE AKRON, CANTON & YOUNGSTOWN
RAILWAY COMPANY ET AL.

Decided, April 15, 1912.

*Deed—Rule in Shelly's Case Applied.*

Where the granting clause of a deed is in the usual form and gives, grants, bargains, sells and conveys the premises therein described unto the grantee (Daniel Fulmer) his heirs and assigns, and the habendum clause reads, "to have and to hold said premises for and during his natural life, with reversion at his death to his children, heirs of his body, and their heirs and assigns, and if he dies leaving no children or legal representatives, then the above is to be and remain the property of the brothers and sisters of Daniel Fulmer, their heirs and assigns, forever," the rule in Shelly's case applies and the grantee takes an estate in fee simple.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

This action is here on appeal from the court of common pleas. The plaintiff claims to be the owner in fee simple and in possession of certain real estate, situated in the township of Springfield, county of Summit and state of Ohio, and especially described in the petition. The action is brought to enjoin the defendants from committing certain acts of alleged trespass upon said real estate, and for the recovery of damages for trespasses already committed.

The defendant, the Akron, Canton & Youngstown Railway Company, is a railroad corporation, organized under and by virtue of the laws of Ohio, and claims to be the owner of that part of the real estate mentioned in the plaintiff's petition which is described in its answer, and to be in possession thereof.

The conflicting claims of title to the real estate in question are based upon the following facts:

Prior to October 24, 1884, Adam Fulmer was the owner in fee simple of the real estate described in the petition which embraces that also described in the answer. On that day he exe-

cuted and delivered to his son, Daniel Fulmer, a deed which is recorded in book 153, page 260 of Summit county records of deeds, conveying said premises to the said Daniel Fulmer. Adam Fulmer and his wife joined in the execution of the deed, and by the granting clause thereof, in consideration of $10,000 they do give, grant, bargain, sell and convey unto the grantee, Daniel Fulmer, his heirs, and assigns, the real estate therein described, which includes that in controversy. The habendum clause of the deed contains the following language:

"To have and to hold said premises to the said Daniel Fulmer for and during his natural life, with reversion at his death to his children, heirs of his body, and their heirs and assigns, and if he dies leaving no children or legal representatives, then the above is to be and remain the property of the brothers and sisters of Daniel Fulmer, their heirs and assigns, forever."

By deed of May 20, 1893, recorded in book 213, page 56, Summit county record of deeds, Daniel Fulmer conveyed the real estate described in the answer to the Akron & New Castle Railway Company, and this company subsequently deeded said real estate to the defendant, the Akron, Canton & Youngstown Railway Company.

Daniel Fulmer died January 14, 1903, leaving two children surviving him. The plaintiff claims title to the real estate in question through these two children.

If Daniel Fulmer acquired a fee simple estate by the deed from Adam Fulmer, then the said Daniel Fulmer conveyed a good title to his grantee, and that title has been acquired by the defendant, the Akron, Canton & Youngstown Railway Company. But if, on the contrary, the said Daniel Fulmer did not take a fee simple estate by the deed to him from Adam Fulmer, but only a life estate, as is contended by the plaintiff, then the children of Daniel Fulmer, upon his death, became the absolute owners in fee simple of the real estate involved in this action, and the plaintiff having acquired their title, would be the absolute owner of said real estate and entitled to the relief prayed for, unless other facts and principles of law invoked by said defendant should prevent him from obtaining such relief.

It is therefore essential that the deed from Adam Fulmer to Daniel Fulmer be considered, and the character of the estate thereby conveyed be determined.

It is claimed on behalf of said defendant that in construing the language of this deed, the rule in Shelly's case should be applied, and that by the application of this rule of law, it necessarily results that Daniel Fulmer took a fee simple estate in the premises conveyed.

It is contended on behalf of the plaintiff, however, that Daniel Fulmer acquired only a life estate in the premises conveyed by the deed, the remainder passing to his children.

In *McFeely's Lessee* v. *Moore's Heirs,* 5 Ohio, 465, the rule in Shelly's case was stated in the following language:

"The rule is, where the ancestor takes a freehold and by the same conveyance, whether deed or devise, the estate is limited, either mediately or immediately, to his heirs, the words 'heirs' is a word of limitation, not of purchase and the fee vests in the ancestor."

In that case the testator had given his real estate to two persons named in his will, for their use during their respective lives, and had then provided, "But at their decease, my will is that these two tracts of land descend to their heirs, to whom I bequeathe the same to have and to hold said tracts to themselves, their heirs and assigns, forever," and it was held that the provisions of the will interpreted by the rule of Shelly's case vested a fee simple estate in the parties named in the will.

In *King* v. *Beck,* 15 Ohio, 559, it was said in the opinion of the court, on page 562:

"The rule in Shelly's case is not a rule of construction but a law of property. It is not designed to give a meaning to words, but to fix the nature and quantity of an estate. If the estate for life created in the devisee or donee, is limited precisely as it would descend at law, the rule in Shelly's case vests the entire fee in the first devisee or donee."

In *Brockschmidt* v. *Archer et al,* 64 O. S., 502, part 1 of the syllabus reads as follows:

"Before the rule in Shelly's case was, as to wills, abrogated in this state by the statute of 1840, a testator devised certain

lands to his son for life, and at his death to go to his heirs, and, there being nothing else in the will to show that the testator used the word 'heirs' to designate a more limited class as children: *Held:* That, as the lands passed under the will precisely as they would have descended at law, the son took an estate in fee simple in the lands so devised."

Reverting to the deed in question, it will be seen that the granting clause is in the usual form, and gives, grants, bargains, sells and conveys unto the grantee, his heirs and assigns, the premises therein described. By the habendum clause, the said Daniel Fulmer is "to have and to hold said premises for and during his natural life, with reversion at his death to his children, heirs of his body, and their heirs and assigns, and if he dies leaving no children or legal representatives, then the above is to be and remain the property of the brothers and sisters of Daniel Fulmer, their heirs and assigns, forever."

If the word "children" was used alone and not with the words "heirs of his body" following, the contention of the plaintiff would be well founded, and the word "children" in such case would be construed to be a word of purchase and not of limitation. But it is well settled that the words "heirs" or "heirs of his body" are to be construed as words of limitation and not of purchase, and the fact that the word "children" is here followed by the words "heirs of his body," indicates that the expression "heirs of his body" is to control.

It will be seen, also, that the estate here granted is limited precisely as it would descend at law, and in such case, the rule in Shelly's case vests the entire fee in the grantee.

In *The Continental Mutual Life Insurance Co.* v. *Skinner et al,* 4 C. C., 526, affirmed by the Supreme Court (30 Bul., 307), the granting clause was in the following form, "Do give, grant, bargain, sell and convey unto said grantees and their heirs the following described property." Following the description, the deed provided: "All the lands above conveyed are to be held and enjoyed by the said Wilson L. Skinner and Abbie Jane Skinner, his wife, during their natural lives, and at their decease, are to go and pass to their heirs." It was held that the grantees took an estate in fee simple.

We are of opinion, therefore, that the rule in Shelly's case is applicable to the language of the deed from Adam Fulmer to Daniel Fulmer, and that, applying the rule, the said Daniel Fulmer took a fee simple estate in the lands described in the deed, and that the defendant, the Akron, Canton & Youngstown Railway Company, has a fee simple estate in the lands described in its answer.

This conclusion renders it unnecessary to consider the facts relating to the possession of the premises in dispute, or the other principles of law cited by said defendant to defeat the plaintiff's cause of action.

The petition of the plaintiff is dismissed.